IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRIAN DOUGLAS HEDDEN, ID # 1175543,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-1541-N (BH) |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A. NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

**B. PARTIES**

Petitioner Brian Douglas Hedden, TDCJ # 1175543, is a state prisoner who in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**C. FACTUAL AND PROCEDURAL HISTORY**

On October 25, 2002, Hedden was charged by indictment with sexual assault of a child in the 265th District Court of Dallas County, Texas, cause number F02-25184-WR. (State Habeas R.

at 164) On November 5, 2002, pursuant to a plea bargain agreement, Hedden pled guilty to the offense; he was placed on ten years' deferred adjudication community supervision and ordered to pay a fine and costs. (*Id.* at 147-53, 159-66) Hedden did not appeal the order deferring adjudication of guilt. On June 4, 2003, the state filed a motion to proceed with an adjudication of guilt, alleging violations of the conditions of Hedden's supervision. (*Id.* at 158) On June 20, 2003, after a hearing, the trial court entered a judgment adjudicating his guilt and assessing his punishment at twelve years' imprisonment. (*Id.* at 154-56) Hedden appealed the judgment adjudicating his guilt to no avail. *Hedden v. Texas*, No. 6-03-225-CR, slip op. (Tex. App.–Texarkana Mar. 20, 2004, pet. ref'd) (not designated for publication); *Hedden v. Texas*, PDR No. 653-04.

On February 9, 2005, Hedden filed a state application for writ of habeas raising the issues presented herein, which was denied by the Texas Court of Criminal appeals without written order on the findings of the trial court. (State Habeas R. at cover) *See Ex parte Hedden*, Application No. WR-62,014-01, at cover[1]; TEX. CODE CRIM. PROC. ANN. art. 11.072 (Vernon 2005). Hedden filed this federal petition for writ of habeas corpus and supporting memorandum and attachments on July 21, 2005.[2] Quarterman has filed an answer and documentary exhibits, to which Hedden did not reply.

**D. ISSUES**

Hedden raises the following five grounds for relief: (1) there was no evidence to support his conviction; (2) he is actually innocent of the offense; (3) due to ineffective assistance of counsel he

---

[1]State court's case information, *available at* http://www.cca.courts.state.tx.

[2]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

was denied and deprived of a fair and impartial trial; (4) he was denied access to the appellate process in violation of his due process and equal protections rights; and (5) he was constructively denied legal representation by his counsel's failure to defend his innocence. (Petition at 7(a))

E. **STATUTE OF LIMITATIONS**

Quarterman argues that Hedden's claims (1), (2), (3) and (5), enumerated above, are time-barred and should be dismissed with prejudice under the federal statute of limitations. (Resp't Answer at 3-7.) Section 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

To the extent Hedden's claims involve alleged facts or events related to his original plea and

3

the original plea proceedings (including sufficiency of the evidence and appellate process), the federal statute of limitations commenced when the state court's deferred adjudication order became final by the conclusion of direct review or the expiration of the time for seeking such review. *Id.* § 2244(d)(1)(A). For purposes of this provision, the trial court's deferred adjudication order became final when Hedden's time for filing a timely notice of appeal expired on December 5, 2002, and the one-year limitations period began to run on that date. It expired one year later, on December 5, 2003, absent any applicable tolling. *See Caldwell v. Dretke*, 429 F.3d 521, 526-27 (5th Cir. 2005), *cert. denied*, 127 S. Ct. 548 (2006). Hedden's state habeas application was filed on February 9, 2005, after the limitations period had already expired; it therefore did not operate to toll the limitations period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Further, Hedden has not replied to Quarterman's answer or demonstrated a valid reason to justify his failure to timely file a federal habeas corpus petition as to these claims, and the record reveals none. Thus, he is not entitled to equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A claim of actual innocence does not constitute the kind of rare and exceptional circumstance to warrant equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). Accordingly, Hedden's claims (1), (2), (3) and (5) are time-barred.

To the extent Hedden's claims he was denied his right to appeal the judgment adjudicating his guilt, under § 2244(d)(1)(A), the limitations period commenced when the judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for seeking such review. For purposes of this provision, the judgment adjudicating guilt became final and the one-

year limitations period began to run when Hedden's time for seeking certiorari in the United States Supreme Court on expired November 29, 2004. *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.1. Hedden's federal petition, filed on July 31, 2005, was filed within the one-year period and is timely as to these claims.

**F. RIGHT TO APPEAL**

Hedden asserts he was denied his right to appeal in violation of his due process and equal protection rights. (Pet'r Memorandum at 9-10.) It is unclear whether Hedden refers to his right to appeal issues related to his original plea or plea proceedings or to the adjudication proceedings. As previously discussed, any appellate claim related to the former is time-barred. As to the latter, Hedden argues he was misdirected by the trial court, who granted him permission to appeal following the adjudication proceedings; however, the appellate court dismissed the appeal for want of jurisdiction "down the road". (*Id.*)

The appellate court dismissed Hedden's appeal on the basis that he had raised only issues related to the trial court's decision to adjudicate his guilt, which are precluded from appellate review under article 42.12, § 5(b) of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 41.12 § 5(b) (Vernon 2005) (no appeal may be taken from trial court's decision to revoke deferred adjudication probation and proceed with adjudication of guilt). Texas courts have consistently held the statute constitutional. *See Phynes v. Texas*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992) (holding that appeal not constitutionally mandated thus legislature can statutorily limit or deny right to appeal criminal conviction); *Rocha v. Texas*, 903 S.W.2d 789, 791 (Tex. App.– Dallas 1995, no pet.) (noting that differentiation of appellate rights between defendants placed on probation and deferred adjudication probation rationally related to the legitimate state interest of conserving

resources). Petitioner has not shown that this finding is contrary to clearly established federal law. *See Doleac v. Michalson*, 264 F.3d 470, 492 (5th Cir. 2001) (holding that there is no constitutional right to appellate review even in criminal cases); *Griffin v. Illinois*, 351 U.S. 12, 18 (1955) ("[A] State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all."). *See also Williams v. Dretke*, No. Civ. A. H-05-1735, 2006 WL 492404, at *12-14 (S.D.Tex. Feb. 28, 2006) (limitation on right to appeal not a valid equal protection claim).

## II. RECOMMENDATION

Hedden's petition for writ of habeas corpus should be DISMISSED with prejudice as time-barred, in part, and denied, in part.

**SIGNED** on this 26th day of January, 2008.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE